# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROEL GOMEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-cv-1109 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

On January 15, 2009, the Court denied the petitioner's *pro se* petition for federal *habeas corpus* relief under 28 U.S.C. § 2255 as untimely and dismissed this action. (Docket No. 5). The petitioner has not filed a notice of appeal. However, on January 20, 2009, the petitioner filed a "Response to Court's Order" (Docket No. 7), which the Court construed as a Motion for Reconsideration of the Court's dismissal of his § 2255 petition. The Court denied the petitioner's request for reconsideration. (Docket No. 8).

On April 26, 2010, the petitioner filed the instant motion under Rule 60(b) of the Federal Rules of Civil Procedure asking the Court again to reconsider the claims he raised in his initial § 2255 petition. (Docket No. 12). Specifically, the petitioner asks the Court to set aside the judgment entered by the Court denying the petitioner's § 2255 petition and to "readdress the issues raised therein." (*Id*. at p.1). The petitioner then lists eight (8) grounds on which he asserts his petition for *habeas corpus* relief should be granted (*Id*. at p.3), and spends the subsequent forty (40) pages of his motion advancing his arguments (*Id*. at pp. 4- 44).

After reviewing the petitioner's Rule 60(b) motion, the Court concludes that, given the nature of the claims that the motion advances, under *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005),

the petitioner's motion (Docket No. 12) is a second or successive § 2255 request. Although the petitioner characterizes his Rule 60(b) motion as procedural in nature, the motion leads inextricably to a merits-based attack on the Court's prior dismissal of the § 2255 motion.

Before a second or successive petition for a writ of *habeas corpus* may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an Order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The petitioner does not appear to have sought and obtained the authorization from the Sixth Circuit Court of Appeals required for this court to consider his motion/second petition.

The Clerk is instructed to **TRANSFER** this case to the Sixth Circuit Court of Appeals for consideration of the petitioner's motion/second petiton. 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The petitioner is forewarned that he must file a motion with the Clerk of the Sixth Circuit Court of Appeals pursuant to the requirements of 28 U.S.C. § 2244 within forty-five (45) days of the date of entry of this Order on the docket. Failure to file such a motion will result in a denial of authorization to prosecute his motion in this Court.

It is so **ORDERED**.

 *[signature]*
 Aleta A. Trauger
 United States District Judge